PHILIP M. MILLER (SBN 87877)
KIMBERLY A. HANCOCK (SBN 205567)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone:  (415) 882-7900
Facsimile:  (415) 882-9287
pmiller@sjlawcorp.com
khancock@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND, AUTOMOTIVE INDUSTRIES APPRENTICESHIP TRAINING TRUST FUND; JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUGLAS CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee, | CASE NO.:  CV 13-02039 DMR<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT** |
| Plaintiffs, | |
| v. | |
| DESOTO CAB COMPANY, INC., a California corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment shall be entered in the within action in favor of the Plaintiffs AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND, AUTOMOTIVE INDUSTRIES APPRENTICESHIP TRAINING TRUST FUND, et al. ("Plaintiffs" or "Funds"), and against Defendant DESOTO CAB COMPANY, a California corporation, and/or alter egos and/or successor entities ("Defendant"), as follows:

-1-          **STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT**
**CASE NO.:  CV 13-02039 DMR**

1.    Defendant entered into a valid Collective Bargaining Agreement (hereinafter "Bargaining Agreement") with the International Association of Machinists & Aerospace Workers, District No. 190, Local 1414, Peninsula Auto Machinists (hereinafter "Union"). The Bargaining Agreement with the Union continues in full force and effect to the present time.

2.    Defendant has become indebted to the Funds for delinquent contributions, surcharges, liquidated damages, interest, costs and attorneys' fees in the total amount of $41,378.25.

3.    Defendant DESOTO CAB COMPANY through its Owner/CEO/President Hansu Kim, acknowledges service of the Complaint and Summons in this matter.

4.    In accordance with the provisions of Title 28, U.S.C. Section 636(c), Defendant hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including ordering the entry of a final judgment.

5.    Defendant shall *conditionally* pay the amount of **$21,431.95**, representing the principal and total amount due, *less* liquidated damages of five percent (5%) for unpaid/late contributions of $7,881.69, *less* ten percent (10%) interest per annum on delinquent contributions of $6,393.71 and *less* attorneys' fees and costs of $5,670.90. *This waiver is* expressly *conditioned upon timely compliance with all of the terms of this Stipulation,* as follows:

(i)    Defendant shall pay to Plaintiffs the amount of **$21,431.95** by no later than September 6, 2013.

Payments shall be applied first to unpaid interest, then to liquidated damages, then attorneys' fees and costs and then to unpaid principal. Any delinquent payment shall bear interest from at the rate of 10% per annum.

(ii)    The check shall be made payable to the **Automotive Industries Trust Funds**, and delivered on or before 5:00 p.m. on the due date to Kimberly Hancock at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs.

**STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT**
**CASE NO.:  CV 13-02039 DMR**

1    6.    In the event that the check is not timely submitted or fails to clear the bank, or is
2    unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be
3    considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written
4    demand to Defendant to cure said default *within seven (7) days of the date of the notice from*
5    *Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement
6    *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day
7    cure period.  In the event default is not cured, all amounts remaining due hereunder shall be due
8    and payable on demand by Plaintiffs.

9    7.    Beginning with contributions due for hours worked by Defendant's employees
10   during the month of September 2013, due on or before October 15, 2013 and delinquent if not
11   received by the Trust Funds before the 20th day of the month following the month in which the
12   covered work was performed, and for every month thereafter for a period of twelve months, or
13   until October 2014 (for hours worked in September 2014), Defendant shall remain current in
14   contributions due to Plaintiffs under the current Bargaining Agreement and under all subsequent
15   Bargaining Agreements, if any, and the Funds' Trust Agreements and Collection Policy, as
16   amended (collectively, "Trust Agreement").   Should Defendant become fail to timely submit a
17   remittance report and/or payment in compliance with the Collective Bargaining Agreement and
18   Trust Agreement, Plaintiffs shall make a written demand to Defendant to cure said default *within*
19   *fourteen (14) days of the date of the notice from Plaintiffs*.  In the event default is not cured, all
20   amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.  Failure to
21   comply with these terms shall also constitute a default of the obligations under this Agreement and
22   the provisions of ¶ 10 shall apply.

23   8.    Any notice of default pursuant to the provisions of ¶¶ 6 and 7 herein shall be sent
24   by U.S. Mail to Defendant as follows:  DeSoto Cab Company, c/o Hansu Kim, President, 555
25   Shelby Street San Francisco, CA  94124.

26   9.    Failure to comply with any of the above terms shall constitute a default of the
27   obligations under this Agreement and the provisions of ¶ 10 shall apply. Any such unpaid or late
28   paid contributions, together with 10% interest accrued on the contributions and an amount equal

-3-

STIPULATION FOR ENTRY OF JUDGMENT
AND JUDGMENT
CASE NO.:  CV 13-02039 DMR

1  to the greater of 5% liquidated damages or 10% interest accrued on the contributions, pursuant

2  to the Trust Agreement, shall be added to and become a part of this Judgment and subject to the

3  terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement

4  and Trust Agreement for collection of current and future contributions, and for any additional

5  past contributions not included herein as may be determined by Plaintiffs, pursuant to employee

6  timecards or paystubs, by audit, or other means, and the provisions of this agreement are in

7  addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any

8  such additional amounts determined as due.

9          10.     In the event that Defendant fails to make any payment required under ¶ 5 above, or

10  fails to remain current in any contributions under ¶ 7 above, then:

11          (a)     The entire amount of **$41,378.25**, plus interest, reduced by principal

12  payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 10% per

13  annum interest on those unpaid contributions and the greater of 5% liquidated damages or 10%

14  per annum interest on those unpaid contributions until paid, shall be immediately due, together

15  with any additional attorneys' fees and costs incurred during the term of this Stipulation.

16          (b)     Defendant waives any and all defenses to the claims of Plaintiffs for

17  delinquent contributions, surcharges, liquidated damages, interest and reasonable attorneys' fees

18  and costs.

19          (c)     A Writ of Execution may be obtained against Defendant without further

20  notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

21  upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment

22  theretofore made by or on behalf of Defendant and the balance due and owing as of the date of

23  default.

24          (d)     Defendant waives any notice of Entry of Judgment or of any Request for a

25  Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.

26  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due

27  and owing as of the date of default shall be sufficient to secure the issuance of a Writ of

28  Execution, without notice to Defendant.

-4-

**STIPULATION FOR ENTRY OF JUDGMENT
AND JUDGMENT
CASE NO.:  CV 13-02039 DMR**

1         (e)     Defendant shall pay all additional attorneys' fees and costs incurred by

2 Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to

3 Plaintiffs under this Stipulation, whether or not a default occurs herein.

4         11.     Any failure on the part of the Plaintiffs to take any action against Defendant as

5 provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

6 a waiver of any subsequent breach by the Defendant of any provisions herein.

7         12.     In the event of the filing of a bankruptcy petition by the Defendant, the parties

8 agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have

9 been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and

10 shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise.

11 Defendant nevertheless represents that no bankruptcy filing is anticipated.

12         13.     The parties stipulate and agree that in light of the decision in *International Union of*

13 *Operating Engineers v. Richard D. Karr*, 994 F.2d 1426 (9th Cir. 1993), that the only issue raised

14 in this proceeding through the date of this stipulation for judgment is the failure of Defendant to

15 pay known delinquent contributions for the time period February 2011 through the present, based

16 upon unaudited financial information.  The Court allows Plaintiffs to reserve their right to audit

17 Defendant for any periods not previously audited, including the time period referred to above.

18 Entry of the Judgment has no effect whatsoever on either (a) Plaintiffs' right to audit Defendant

19 and collect by subsequent legal action any sum found thereby to be due, or (b) Plaintiffs' right to

20 collect by subsequent legal action any sums found to be due for any time period other than the one

21 referred to above.

22         14.     Should any provision of this Stipulation be declared or determined by any court

23 of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

24 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

25 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

26 Stipulation.

27         15.     This Stipulation is limited to the agreement between the parties with respect to the

28 delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.

STIPULATION FOR ENTRY OF JUDGMENT
AND JUDGMENT
CASE NO.:  CV 13-02039 DMR

1    This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant

2    acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,

3    if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements

4    incorporated into their Bargaining Agreement, and the law.

5            16.     This Stipulation contains all of the terms agreed by the parties and no other

6    agreements have been made. Any changes to this Stipulation shall be effective only if made in

7    writing and signed by all parties hereto.

8            17.     This Stipulation may be executed in any number of counterparts and by facsimile

9    or pdf, each of which shall be deemed an original and all of which shall constitute the same

10   instrument.

11           18.     Defendant represents and warrants that it has read this Agreement with care and is

12   fully aware of its terms and that it enters into this Stipulation voluntarily and without duress.

13           19.     The parties agree that the Court shall retain jurisdiction of this matter until this

14   Judgment is satisfied.

15   Dated: ~~August~~          , 2013          DESOTO CAB COMPANY, a California
              Sept. 20                          corporation,
16

17

18                                              By:    _____

19   Dated: ~~August        , 2013~~            HANSU KIM, Owner and CEO
20          September 23 , 2013                 AUTOMOTIVE INDUSTRIES TRUST FUNDS

21

22                                              By: _____

23                                              Jim Beno, Trustee

24   APPROVED AS TO FORM.

25   Dated: ~~August         , 2013~~           SALTZMAN & JOHNSON
26          September 20, 2013
                                                /S/ Kimberly A. Hancock
27                                              Kimberly   Hancock,   Attorneys   for   Plaintiffs
                                         By:    Automotive Industries Trust Funds
28

                                                STIPULATION FOR ENTRY OF JUDGMENT
                                         -6-    AND JUDGMENT
                                                CASE NO.: CV 13-02039 DMR

1    IT IS SO ORDERED AND ADJUDGED.

2    IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court

3  shall retain jurisdiction over this matter.

4  Dated: September _25_, 2013            _____

5                                          The Honorable Donna M. Ryu
                                           United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28